UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____/

In Re

    Inspiration Estates LLC

        Debtor

_____/

Chapter 11 Case

Motion To Dismiss Case

Case No. 22-20382

To: Hon. Paul R. Warren, United States Bankruptcy Judge:

The motion of Edgar Susemihl ("Creditor") respectfully shows:

1.      Inspiration Estates LLC ("Debtor") filed a petition in reorganization under Chapter 11 of the Code on August 16, 2022. The Clerk entered an order for relief.

2.      Debtor filed a so-called "bare bones" petition, listed its creditors, interest holder, and its property. See Exhibit A, a copy of the papers filed other than the corporate resolution and corporate disclosure.

3.      Exhibit A discloses that Debtor is a single asset real estate debtor. I further discloses that Debtor's sole asset is its real property at 3155-3159 Lake Road, Horseheads, Chemung County, New York (the "Property"). The list of largest creditors discloses that except for two loans to finance the filing fees and attorneys' fees needed to retain an attorney and file Debtor's petition, all creditors hold tax liens or, in Creditor's instance, a mortgage lien, on the Property. Creditor believes that the two creditors who loaned Debtor the sums needed to file Debtor's petition are insiders in the sense used in the Code because no one would reasonably lend money to a borrower in a foreclosure action the day before the scheduled sale of the property on unsecured terms without having a close and confidential relationship with the Debtor's owner.

4.      Exhibit A discloses that the Petition starting this case is Debtor's second Chapter 11 petition in this Court. Debtor's previous case was resolved and dismissed by Debtor and Creditor entering into a forbearance agreement, a copy of which is attached as Exhibit B.

5.      Debtor defaulted on the Forbearance Agreement. A history of the payments made by Debtor is attached as Exhibit C.

6.      The amount due on the petition date was $114,152.92 as set forth in Exhibit D to which must be added interest of $163.58 accrued between August 4, 2022 (the date of Exhibit D) and the petition date of August 17, 2022. The total shown due on Exhibit D includes real property taxes for past years for which Creditor made a payment agreement that has not been fully performed on his part which will be performed in the future. The Court should note that School taxes of $8,112.32 will fall due and payable on September 1, 2022. Interest will continuing accruing of the judgment at the per diem rate of $12.58.

7.      Debtor has not disclosed the source of funds by which it possible to provide adequate protection to Creditor. Creditor believes that the Property is not fully rented or the rent that is due and payable by whatever tenants are occupying the Property. Debtor has not disclosed what has become of the rents and other sums collected since Debtor last paid Creditor. Whatever was collected was not applied to real property taxes, which Creditor paid, or the mortgage obligation.

8.      This case is a two party case involving the Debtor and the Creditor. The tax creditors and Elmira Water Board have liens for the amounts due to them and they will certainly be paid no matter who prevails as between Creditor and Debtor. Debtor's counsel (Mr. Ealy) advised Creditor's state court attorney (Ms. Middaugh) of the filed petition the day before the scheduled foreclosure sale. Mr. Ealy advised Ms. Middaugh that the purpose of the petition was to put the Property on the market for sale. Mr. Ealy has advised Ms. Middaugh that he will provide a copy of a listing contract when one is available. To date no listing contract has been furnished.

9.      Creditor knows of no reason that the Debtor could not have put the Property on the market years ago when efforts to restore the Debtor to financial health proved unavailing. The Debtor was afforded considerable leeway by Creditor before foreclosure proceedings were resumed. A motion to restore the foreclosure to the active Supreme Court calendar was made in March, 2022. A motion for

2

an order for summary judgment and a reference was soon after. (See Exhibit E.) The referee's report was submitted to Supreme Court. (See Exhibit F.) A judgment of foreclosure and sale was entered. (See Exhibit G.) Publishing started on July 20, 2022. (See Exhibit H.) The date set for the foreclosure sale was August 17, 2022. See Exhibit I. The sale was stayed by Debtor's petition and adjourned without date.

10. Debtor's management did not take reasonable and prudent steps to address the impending foreclosure sale. Instead, Debtor's management drained the Debtor of liquid assets and placed the financial burden of carrying the Debtor on Creditor, a burden Creditor plainly did not care to shoulder any further. The Forbearance Agreement discloses a) that the mortgage note became sue and payable in full on September 1, 2020, a date approximately two years ago. The Forbearance Agreement required Debtor to pay all taxes and water bills. The Forbearance Agreement provided that Debtor had to strictly adhere to the terms of the agreement. The Forbearance Agreement shows that the Debtor filed its previous Chapter 11 case four days before a scheduled foreclosure sale. Creditor, who is retired and has been and still is being adversely impacted by Debtor's failure to pay the mortgage obligation, is suffering from Debtor's use of Chapter 11 as a strategic sword to delay payment and force Creditor to either incur out of pocket expenses to protect himself against loss of his interest in the Property and possible disadvantageous and adverse changes to the payment stream. In short, in the approximately 10 year life of the mortgage loan Debtor has used Chapter 11 twice to thwart a foreclosure, thrust several years of real estate taxes and charges onto Creditor, forced Creditor to "knuckle under" on terms advantageous to Debtor as set forth in the Forbearance Agreement, and has taken undue advantage of Creditor's limited resources to flout the obligation to pay off Creditor in full two years ago. As noted above, Debtor's management drained all liquid resources from Debtor.

11. Debtor's management delayed attempting to sell the Property during a period of unprecedented increases in values of residential real estate and the historically low interest rates for mortgage lending. By delaying putting the Property on the market after September 2020 for two years,

3

Debtor has prejudiced the opportunity to maximize the recovery of all parties from a sale of the Property whether at a voluntary sale or at a foreclosure sale.

12. Debtor has neglected to give any explanation of its conduct to Creditor or Creditor's attorneys. The implication from the lack of communication is that Debtor has no good and commercially honest or fair reasons and never has had a good reason for its delay and disregard of Creditor's interest.

13. The implication to be drawn from the events and circumstances is that Debtor is using its present Petition to hinder and delay Creditor. The Court should take special notice of the last paragraph of the Forbearance Agreement which provides: "Any future bankruptcy will NOT operate as a stay to the foreclosure action on the subject property referenced in paragraph 2." This provision is of such doubtful validity, however, Creditor's counsel adjourned the sale. On the other hand, the Court can see that Debtor, in exchange for the obvious benefits which the Forbearance Agreement provided to it and relief from the strictures of Chapter 11 stipulated and agreed the automatic stay would not apply. Regardless of the legal enforceability of the stay waiver, the Court can see that Debtor has used its current Chapter 11 case to obtain an advantage that it purported to relinquish to obtain advantages and benefits in its previous Chapter 11, to capitalize certain obligations, and obtain a new payment scheduled. Debtor's calculated disregard of its promises in connection with the resolution of a previous case is an equity or circumstance which the Court can take into account in exercising its discretion under Bankruptcy Code 1112. The Debtor's management has demonstrated that it is unreliable and opportunistic.

14. Creditor is advised that Debtor's member has other business investments and operations. Creditor believes that the reason for the absence of cash, which would be cash collateral and subject to Creditor's lien, is that Debtor's management has stripped the cash from Debtor to use for the Debtor's sole members other interests or applied to his own obligations. Debtor's member starts the case holding an actual adverse interest to the interest of the sole real creditor in the case, that is, Creditor. To the best

4

of Creditor's knowledge, the Property has always had some tenants and cash receipts. Debtor never has provided an explanation of what happened to the cash.

15. This case should be dismissed for two reasons. First, this case is the prototypical instance of a two party dispute, one in which the Debtor's prospects of reaching and closing a sale without exposing Creditor to undue risk and prejudice is open to substantial question. The Supreme Court can consider and apply any equities that might exist as between the two contending parties. A New York foreclosure action is an equitable proceeding. In the usual case in which the borrower/mortgagor has other creditors, the state court will not take into account the interests of third parties. Bankruptcy courts can take into account the interests of third parties. Here, where there are no independent third parties to protect and many equities support dismissal of the case, the remedies in bankruptcy available to hard pressed, honest debtors and their independent, innocent creditors have no role to play. Here, however, the two unsecured creditors/lenders who financed the filing, bought into a bankruptcy filing that, as explained above came with significant risks. If the two lenders had engaged in any due diligence they would have found the Forbearance Agreement and the promise made that the automatic stay would have no role to play and present petition was a second petition to thwart and delay payment of the same debt. The two lenders, even if not found to be insiders, acted unreasonably and in utter disregard of red flags that would have completely deterred a lender acting at arm's length and after engaging due diligence. The two lenders should have been deterred from financing this intentionally improper use of a debtor's bankruptcy remedies.

16. The conduct of the two unsecured creditors in the case exposes them to equitable subordination under Sec. 510(c). In the circumstances that means that their interests, if they were bona fide good faith creditors, should be relegated to a position in which they cannot in good faith argue against a dismissal. The Court, as part of a dismissal can protect their interests by directing that the proceeds of any foreclosure sale after Creditor in paid in full go to the two lenders until they are paid in full.

5

17. Second, the case should be dismissed, in essence, by granting a lift stay order under sec. 362(d)(4) because the case was filed to hinder and/or delay Creditor, the only real creditor in the case. The prerequisite to dismissal or a lift stay motion under 362(d)(4) is a previous case involving the same real property and a scheme to hinder, delay or defraud the lien creditor holding a lien on the subject property. Here, the documentary proof establishes the same real property is being protected and same creditor has been victimized by the second filing. As explained above, the petition does not pass the smell test. The petition challenged in this motion to dismiss defies and offends against the "no stay in a second bankruptcy term" even though the term most likely is not enforceable. The second petition seeks to achieve an outcome beyond the good faith objectives that should be sought in a second case when the debtor has promised to give up a stay in a subsequent case so it could be relieved of the duties and burdens of an earlier case. There should be no question that if the Debtor had confirmed a plan that included a provision that there would be no stay in any subsequent case that the Court would likely force the Debtor to stand squarely behind its word. The Forbearance Agreement is a stipulation in the earlier case that stands in the equivalent position to a confirmation order terminating the case. The stipulation should be given equivalent force and effect. The resort to a second petition under the circumstances at hand were intended and could have only been intended to hinder and delay Creditor and do so by disingenuously and intentionally resorting to the automatic stay to stay Creditor in his tracks when he was on the verge of sale.

18. Before filing this motion to dismiss and/or lift the automatic stay, Creditor's counsel spoke to Debtor's counsel to find out if there were factors, circumstances development or events which should induce Creditor to forego making this motion. The facts concerning that telephone conference are set forth the in accompanying attorney affidavit. Creditor's counsel after hearing out Debtor's counsel and applying typical credit analysis and principals/considerations, concluded that regardless of whether Debtor's principal had decided to veer onto a completely new tack, the Debtor did not have the ability,

6

time and resources, especially liquid assets to finance the case and the sale process and provide adequate protection of Creditor's interests in the property, maintain the property, pay real estate taxes as they fell due, pay operating and sale related expenses, and, generally, manage the case to a successful outcome without exposing Creditor to unwarranted risk. This is especially the case because Creditor will have to rely on the diligence, skill, and good faith of Debtor's principal, someone who has shown a lack of those qualifications to date and a disregard of Creditor's interests.

19. Counsel also took into account the legal principles set forth in the accompanying memorandum of law.

Wherefore, Creditor moves this Court for an order pursuant to Bankruptcy Code 1112(b) dismissing Debtor's case and/or, in the alternative, for an order pursuant to Bankruptcy Code 362(d)(4) for an order vacating the automatic stay of foreclosure and for an order granting Creditor its attorneys' fees, expenses and disbursements in connection with this motion and for such other and further relief as to the Court seems just and proper.

Dated: August 27, 2022

Lacy Katzen LLP
David D. MacKnight, Esq. of counsel
Bankruptcy Counsel for Creditor
600 Bausch & Lomb Place
Rochester, New York 14604
Tele: 585-454-5650
of counsel for

Sales & Evans
Attorneys for Creditor
One West Church Street
Elmira, New York 14902
Tele: 607-734-2171

7

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____/

In Re

Inspiration Estates LLC

Debtor

Chapter 11 Case

Case No. 22-20382

_____/

## NOTICE OF MOTION

Please take notice that the undersigned attorneys for Edgar Susemih ("Creditor") will move this Court for orders pursuant to 11 USC 1112(b) and 105 to dismiss the above captioned case and/or pursuant to 11 USC 362(d)(4) vacating the stay of foreclosure to permit Creditor to complete a foreclosure sale of Debtor's real property at 3155-3159 Lake Road, Horseheads, Chemung County, New York, for an order granting Creditor his reasonable attorneys' fees in bring this motion due to the Debtor's bad faith filing of its petition and its intent to hinder and delay Creditor's foreclosure sale and for such other and further relief as to the Court seems just and proper. This motion will be supported by the Creditor's affidavit sworn August 24, 2022; the Creditor's motion to dismiss and lift the automatic stay and other relief dated August 24, 2022; affidavit of David D. MacKnight sworn August 24, 2022; and the accompanying memorandum of law in support of the motion.

This motion will be heard on September 29, 2022 at 9:00 AM or as soon thereafter as counsel can be heard at the United States Bankruptcy Court, 100 State Street, Rochester, New York by electronic means, subject to any further orders of the Court regulating the hearing of this motion.

Please take further notice that answering and opposing papers must be served on the Court and the undersigned no later than three (3) days before the return date of this motion and shall take the form and be in the format set forth in the decisions of Hon. Paul R. Warren set forth in the accompanying

[Rest of page intentionally blank]

memorandum of law addressing submission of papers specifically applicable to motion to dismiss proceedings.

Dated: August 27, 2022

_____
Lacy Katzen LLP
David D. MacKnight, Esq. of counsel
600 Bausch & Lomb Place
Rochester, New York 14604
Tele: 585-454-5650
Of Counsel to

Sayles & Evans
Kimberlee Balok Middaugh, Esq.
Attorneys for Creditor
One West Church Street
Elmira, New York 14902
Tele: 607-734-2181